WHEELER, appellant, v. CLARK.

*Highway, obstruction of—right of way by grant.*

Action to restrain defendant from building upon and obstructing plaintiff's right of passage over an ancient highway known as "Cripple Bush road." Plaintiff and defendant were the owners of adjoining lots fronting on said road, and had each derived title, through several mean conveyances, from one H. The deed to H. conveyed the lands now owned severally by plaintiff and defendant, "and also the land forming the streets, avenues and road, adjoining, and in front of the said lots, to the middle of such streets, avenue, and roads, and subject to the use of said land by all the owners of the lots laid down on said map, and by the public generally, as public streets, avenues and roads, to be opened and remain open accordingly." Neither the deed to plaintiff nor that to defendant contained said restriction or limitation. The said road was subsequently closed by the authority of the legislature, and defendant was proceeding to build thereon. Plaintiff claimed a right of passage over said road by virtue of the above clause in the deed. *Held*, that plaintiff acquired, by or through said deed, no right to the use of said road beyond the right to use it as a public highway. The clause in said deed simply carried the land to the center of said Cripple Bush road, subject to the use of the same as long as the highway remained, and when the legislature closed the highway the restriction was exhausted. Plaintiff had no estate in defendant's lands beyond the right to the use of such of them as were within the limits of the highway, and as a public highway.

ACTION to perpetually restrain the defendant from obstructing plaintiff's right of passage over an ancient highway. The court below dismissed the complaint. The opinion of the court is substantially given in the head note.

*A. H. & W. E. Osborn,* for appellant.

*A. & J. Z. Lott,* for respondent.

BARNARD, P. J.

*Judgment affirmed.*